### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| United States, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 6:10-cv-1873-Orl-19DAB |
| ) | |
| ) | |
| David Lee Miner, individually ) | |
| and dba IRx Solutions and Blue ) | |
| Ridge Group, ) | |
| ) | |
|     Defendant. ) | |

**United States' Memorandum of Legal
Authority in Opposition to Miner's Motion to Strike**

Miner moves to strike numerous paragraphs of the United States' complaint, asserting that the United States' repeated use of the term "scheme" to describe his conduct is scandalous and impertinent. Because Miner has failed to meet his heavy burden of showing that the United States' use of the term "scheme" is scandalous or impertinent, Minder's motion should be denied.

**Procedural Background**

The United States filed suit against Miner, seeking to permanently enjoin him from promoting two alleged tax-fraud schemes. As set forth more fully in the complaint, the United States alleges that Miner falsely claims to be able "decode" and "fix" Internal Revenue Service records of his customers' tax accounts so as to block the IRS from collecting the customers' taxes. The complaint states that Miner charges each customer

$1,800 for this purported service, and claims to have helped more than 2,000 customers stop paying taxes. The United States also alleges that Miner charges customers $2,000 to establish "pure trusts" for them to use to conceal their assets and interfere with IRS collection efforts.

Miner now moves to strike as scandalous and impertinent the United States' repeated use of the term "scheme" to describe his alleged illegal conduct. For the reasons set forth below, Miner's motion should be denied.

## Legal Argument

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Due to their drastic nature, however, motions to strike are disfavored.[1] Motions to strike are usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[2]

Under Rule 12(f), a matter is scandalous only if it improperly casts a derogatory light on someone.[3] As stated recently by a court in this district, the "word 'scandalous' in Rule 12(f) generally refers to any allegation that 'unnecessarily reflects on the moral

---

[1]*See Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla.2002).

[2]*Id.; see also In re Southeast Banking Corp. Sec. & Loan Loss Reserves Litig.*, 147 F.Supp.2d 1348, 1355 (S.D. Fla.2001).

[3]*Pardo v. Fleetwood Motor Homes of Pa., Inc.*, No. 2:05-CV-359-FTM-33DN, 2005 WL 3113215, at *2 (M.D. Fla. Nov.20, 2005) ( citing Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 465-66 (3d ed.2004).

character of an individual or states anything in repulsive language that detracts from the dignity of the court.'"[4] Moreover, "it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action."[5]

In an instructive case, *Gateway Bottling, Inc. v. Dad's Rootbeer Co.*,[6] the court discussed the problem with striking scandalous matters as follows:

> To strike material as scandalous it must be obviously false and unrelated to the subject matter of the action. . . The facts . . . may be unpleasant for plaintiff to have on the record and they certainly contain charges of reprehensible conduct but the same is true of many facts of life which are entitled to be pleaded as relevant to a cause of action or a defense. Such, for example, are the facts concerning a divorce for adultery. These may be scandalous and annoying and prejudicial to the accused party but plaintiff or defendant is certainly entitled to plead them. They would, however, have no place ordinarily in an automobile accident case and in such case would be stricken as scandalous.[7]

Here, Miner has not alleged that any of facts in the complaint are "obviously false and unrelated to the subject matter of the action."[8] While it may be unpleasant to Miner to have his conduct described as a "scheme," in other cases arising in this district, the

---

[4]*S.D. v. St. Johns County School Dist.*, No. 3:09-cv-250-J-20TEM, 2009 WL 1941482 (M.D. Fla. July 7, 2009) (citation omitted).

[5]*Id.* (citation omitted).

[6]53 F.R.D. 585, 588 (W.D. Pa.1971).

[7]*Id.*

[8]*Id.*

United States has described similar conduct by promoters as "schemes."[9]  The use of the term "scheme" to describe Miner's conduct is thus not "deregatory" for Rule 12(f) purposes.  Moreover, the United States' use of the term "scheme" is proper because of the United States' burden to show under 26 U.S.C. § 7408 that Miner has repeatedly engaged in harmful conduct (that is, making false statements about the tax code as part of a scheme), for which injunctive relief is appropriate to prevent recurrence.

In short, Miner has failed to meet his heavy burden of showing that the United States' use of the term "scheme" is scandalous or impertinent.  Because this case seeks injunctive relief relating to the promotion of false tax schemes, the United States' use of the term "scheme" is relevant to the issue before the Court.  For the foregoing reasons, Miner's motion lacks merit and should be denied.

---

[9]*See, e.g. United States  v. Prewett*, No. 8:07-cv-1575-T-27MAP, 2008 WL 840540 #2 (M.D. Fla. March 28, 2008) ("In this case, the United States has alleged a detailed and complex tax fraud scheme spanning from 2002 to the present."); *see also United States v. Pinnacle Quest Intern.,* Civil No. 3:08-cv-00136-RV-EMT, 2008 WL 2096381 (N.D. Fla., May 15, 2008) ("tax-fraud scheme").

Dated: January 19, 2011

        ROBERT E. O'NEILL
        United States Attorney

        s/Michael R. Pahl
        MICHAEL R. PAHL
        Trial Attorney, Tax Division
        Minn. Bar. No. 0234539
        U.S. Department of Justice
        Post Office Box 7238
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 514-6488

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on January 19, 2011, the United States' Memorandum of Legal Authority in Opposition to Miner's Motion to Strike was served on the following by U.S. mail:

David Miner
478 East Altamonte Drive
Suite 108-530
Altamonte Springs, FL 32701

s/Michael R. Pahl
Michael R. Pahl
*Attorney for the United States*