# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FILED
2011 MAR 31 AM 10: 31
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| United States, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil No.: 6:10-cv-1873-Orl-19DAB<br>)<br>) |
| David L. Miner, individually and dba IRx Solutions and Blue Ridge Group, | )<br>)<br>)<br>) |
| Defendant | )<br>) |

### Defendant's Rule 12(b)(6) Motion to Dismiss

Defendant moves this Court for an Order Dismissing the Complaint in the above captioned action under the Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim on the following grounds:

1. As more fully stated in the accompanying memorandum in support, the complaint fails to state any facts sufficient to show that Defendant is the person that would be liable for a penalty regarding Title 26 U.S.C. §§ 6700 and 6701 and thus fails to state a claim for which relief can be granted, denying this Court jurisdiction; and

2. As more fully stated in the accompanying memorandum in support, the complaint, stripped of its conclusory allegations, fails to state sufficient facts to show a claim for which relief can be granted and thus this Court wants for jurisdiction; and

3. As more fully stated in the accompanying memorandum in support, the complaint's non-conclusory allegations do not plausibly state a claim for which relief can be granted and thus this Court wants for jurisdiction.

This motion is based on the pleadings and papers on file in this case and the accompanying memorandum in support.

Wherefore, premises considered, the Court should dismiss the complaint as a matter of law.

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM

Defendant files this motion to dismiss plaintiff's suit for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

### A. INTRODUCTION

1. Plaintiff is the United States of America; defendant is David Lee Miner.

2. Plaintiff sued defendant to restrain and enjoin defendant from promoting alleged false tax schemes that may fall under the penalty statutes pursuant to 26 U.S.C. §§ 6700 and 6701.

3. In its complaint, plaintiff did not state a claim upon which relief can be granted. Therefore, the court should dismiss plaintiff's suit.

### B. ARGUMENT

4. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides in pertinent part that a pleading that states a claim for relief must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff asserts a theory that the conduct of the defendant *may* be in violation of 26 U.S.C. §§ 6700 and 6701 (See Complaint, ¶¶ 34-36, 38-39, 41 and 43.). I.R.C. § 6700(a) states in pertinent part, "Any person who…" and I.R.C. § 6701(a) states in pertinent part, "Any person…" Thus, the penalty applies to a "person." The term "person" is defined in 26 U.S.C. § 6671(b):

> The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

The courts have determined that the "person" referred to must be an individual who can be charged with a civil penalty *and* who has a duty connected with a corporation or a duty attached to his position.

> In our judgment [I.R.C. § 6671(b)] must be construed to include all those so connected with a corporation as to be responsible for the performance of the act in respect of which the violation occurred.
> *United States v. Graham*, 309 F. 2d 210 (9th Cir. 1962).

The 5th Circuit Court of Appeals concurs with this understanding in *U.S. v. Moore, et. al.*, 368 F.2d 617 (5th Cir. 1963) as does the 2nd Circuit Court of Appeals in *Botta v. Scanlon*, 314 F. 2d 392 (2nd Cir. 1963). Even more telling is a very clear statement from the U.S. District Court in the Southern District of New York:

> "Duty" under § 6671(b) ... is expressly limited to the duty that attaches to the position an employee holds within the corporation.
> *US v. Burger*, 717 F. Supp. 245 (SDNY, 1989)

Nowhere in the complaint has the plaintiff alleged any facts that the defendant is an individual with a duty in connection with any enterprise for which these alleged penalties may apply. Thus, the plaintiff hasn't stated a claim for which relief can be granted and the complaint must be dismissed.

5. Plaintiff's complaint does not provide defendant with fair notice of plaintiff's claim. See *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. *Bell Atl. Corp.*, 550 U.S. at 555 & n.3; *Brooks*, 578 F.3d at 581; see *Iqbal*, 556 U.S. ___, 129 S. Ct. at 1949. The Complaint contains conclusory labels: "Miner's IMF decoder scheme" between paragraphs 5 and 6; "Miner's 'Pure Trust' Abusive Tax Scheme" between paragraphs 20 and 21; and "Harm to the Government" between paragraphs 30 and 31. In the Complaint, ¶¶ 34, 35, and 39, the plaintiff merely recites the provisions of I.R.C. §§ 6700

and 6701. All of the foregoing are insufficient to show grounds for the plaintiff to be entitled to relief.

6. Plaintiff's complaint includes the following conclusory statements: "false tax scheme," ¶ 2; "falsely states," ¶¶ 8-9, 11; "falsely claims," ¶ 14; "falsely promises," ¶¶ 10, 12, 15, 17; "frivolous arguments," ¶ 15; "frivolous documents," ¶ 16; "similar IMF decoding schemes," ¶ 20; "knows," ¶ 20, 30, 35-36, 39; "abusive tax scheme," ¶¶ 21-22, 32, 36-37; "federal tax debts," ¶ 22; "concealing their assets," ¶ 22; "interfere with IRS collection efforts," ¶ 22; "fraudulent," ¶ 23; "falsely advises," ¶¶ 25, 27-29; "income," ¶ 26; "purported expert on the internal revenue code," ¶ 30; "tax debt," ¶ 31; and "tax liabilities," ¶ 41.

Throughout plaintiff's complaint, he makes prolific use of the term, "scheme" (See Complaint, ¶¶ 6, 13, 14, 16, 19, 23, 24, 25, 26, 27, 28, 29, and 37). It appears that the plaintiff's use of the term "scheme" is intended to denote "a 'trick' or 'fraud'" or a "[p]lan reasonably calculated to deceive persons of ordinary prudence and comprehension." *Black Law Dictionary, 5th Edition*, pg. 1206. That being so, it's fair to say that the statements that use the term "scheme" are conclusory in nature, as well.

Because these statements are merely conclusions, they are not entitled to an assumption of truth and should be disregarded. *Iqbal*, 552 U.S. at ___, 129 S. Ct. at 1950; see *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

7. Plaintiff's complaint includes factual allegations that do not show a right to relief that is plausible. See *Brooks*, 578 F.3d at 581. Specifically, plaintiff made the following factual allegations in his complaint: What is an IMF, ¶ 7 and Miner charges $1,800, ¶ 19. These factual allegations do not plausibly show a right to relief that is more than mere speculation. See *Iqbal*, 556 U.S. ___, 129 S. Ct. at 1950; *Bell Atl. Corp.*, 550 U.S. at 555; *Francis v. Giacomelli*, 588

F.3d 186, 193 (4th Cir. 2009).

8. Given the preceding, the court must dismiss this complaint for failure to state a claim upon which relief can be granted because the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 556 US __, 173 L. Ed. 2d 868, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007).

## C. CONCLUSION

9. Because plaintiff did not state a claim upon which relief can be granted, the court must dismiss the suit.

Respectfully submitted,

Dated: March 31, 2011    By: _____
David L. Miner, *Pro Se*
478 East Altamonte Dr.
Suite 108-530
Altamonte Springs, FL 32701
(615) 301-1811

## CERTIFICATE OF SERVICE

On March 31, 2011, I certify that a copy of the Defendant's Rule 12(b)(6) Motion to Dismiss was served by certified U.S. mail, return receipt requested, on the following attorney in charge for plaintiff, United States of America:

MICHAEL R. PAHL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238, Ben Franklin Station
Washington, D.C. 20044

By: _____
David L. Miner, *Pro Se*