IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 6:10-cv-1873-Orl-19DAB |
| | ) | |
| DAVID LEE MINER, individually and d/b/a IRx Solutions and Blue Ridge Group | ) | |
| | ) | |
| Defendant. | ) | |

**United States' Opposition to Defendant's Motion to Dismiss**

The United States submits this opposition to defendant David Lee Miner's motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court should deny Miner's motion to dismiss because this Court has subject matter jurisdiction over the United States' claims and because the United States' complaint has stated a claim to which relief can be granted.

On December 14, 2010, the United States filed a complaint against Miner seeking, among other relief, an injunction permanently barring him and his associates from interfering with the administration of federal tax laws. (Dkt. No. 1.) The United States is seeking relief under I.R.C. §§ 7402 and 7408, which grant jurisdiction to the district courts to issue injunctions to enforce the internal revenue laws and to prohibit conduct specified under §§ 6700 and 6701. *See* I.R.C. §§ 7402 and 7408. Section 6700 penalizes any person who organizes or sells a plan or arrangement and makes, in connection with organizing or selling the plan and arrangement, a statement regarding the excludability of income or the securing of any other tax benefit that the person knows or has reason to know is false or fraudulent as to any material matter. *See* I.R.C. §

6700. Section 6701 penalizes any person who aids in the preparation of any portion of a return or other document, who knows the portion or document will be used in connection with any material matter under the internal revenue laws, and who knows the portion or document (if so used) would result in understating another person's tax liability. *See* I.R.C. § 6701.

On March 31, 2011, Miner moved to dismiss the complaint. (Dkt. No. 14.) He argues that the Court lacks subject matter jurisdiction because he is not a "person" under §§ 6700 and 6701, and that the complaint failed to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2).

## ARGUMENT

### I. This Court Has Jurisdiction Over the United States' Claims Because Miner is a Person Under 26 U.S.C. ("I.R.C.") §§ 6700 and 6701

For the purposes of the Internal Revenue Code, a "person" includes "an individual, trust, estate, partnership, association, company or corporation." I.R.C. § 7701(a)(1). As any dictionary will confirm, an "individual" means a human being. Thus, Miner is a "person" for purposes of the Internal Revenue Code.

Section 6671(b), which Miner relies on, "simply expands the definition of persons in § 7701(a)(1)." *Bailey Vaught Robertson & Co. v. United States,* 828 F. Supp. 442, 444 (N.D. Tex. 1993). Section 6671(b) states that the definition of "person," as applied to the subchapter that encompasses §§ 6700 and 6701, *includes* among others an officer or employee of a corporation or partnership who is "under a duty to perform the act in respect of which the violation [as described in the relevant section] occurs." The words "include" and "including," when used in a definition in the Code, should not be read "to exclude other things otherwise within the meaning of the term defined." I.R.C. § 7701(c). *See also Chickasaw Nation v. United States*, 208 F.3d 871, 878 (10th Cir. 2000) (rejecting an interpretation of the internal revenue laws

that would substitute the word "limited to" for "including") (citation omitted). "The use of the word 'include'...suggests a calculated indefiniteness with respect to the outer limits of the word defined." *Pacific Nat. Ins. Co. v. United States,* 422 F.2d 26, 30 (9th Cir. 1970) (*citing First Nat'l Bank in Plant City, Fla. v. Dickinson,* 396 U.S. 122, 135 (1969)).

*Bailey Vaught Robertson* further states that "§ 7701(a) provides the general definition to be used throughout [the Internal Revenue Code]," and "there is nothing to indicate that § 6671(b) in any way limits or restricts the definition in § 7701(a)(1)." 828 F. Supp. at 444. If the only persons who can be assessed penalties under §§ 6700 and 6701 are the ones defined in § 6671(b), "no individual, other than the one involved with a corporation or partnership, would be subject to those penalties." *Id. See also United States v. Hill,* 368 F.2d 617, 621 (5th Cir. 1966) ("Section 6671(b) has been read not to be exclusive"); *United States v. Vaccarella,* 735 F. Supp. 1421, 1431 (S.D. Ind. 1990) ("the language of § 6671(b) . . . is inclusive rather than restrictive").

To state a claim, the United States does not have to allege that Miner has the status of a person as defined in § 6671(b). An individual (or other entity) who falls outside the non-exclusive definition of § 6671(b), but who is still within § 7701(a)(1), is still a "person" who can be liable under §§ 6700 and 6701. The United States has sufficiently alleged that Miner is a person under § 7701(a). The complaint names Miner individually and doing business as IRx Solutions and Blue Ridge Group, and identifies Miner as a resident of Florida. (Compl. ¶ 4.) Miner has not disputed these allegations.

Miner misreads § 6671(b) in the exact manner that has been dismissed by the courts: substituting "is limited to" for "includes" and thereby changing the definition from expansive to exclusive. He cites *United States v. Graham,* 309 F.2d 210, 212 (9th Cir. 1962), out of context

and ignores the intent – not to mention the plain language – of § 6671(b). *Graham* is what is commonly known as a "trust fund recovery penalty" case. Generally speaking, a trust fund recovery penalty is imposed on a person who has a duty to collect taxes on behalf of the United States and pay over the taxes, and who willfully fails to do so. *See* I.R.C. § 6672. *See, e.g., United States v. Hill,* 368 F.2d 617 (5th Cir. 1966); *United States v. Guito,* 764 F. Supp. 1945 (M.D. Fla. 1991). Disputes often arise over the whether a certain person within a company is responsible for collecting and turning over the taxes. To make this determination, the courts inquire into the duties that the person held in connection with the company. *See, e.g., Hill,* 368 F.2d at 621 (responsible person has full authority over financial affairs of a company). In this context, as in others, § 6671(b) specifies that the responsible person can *include* officers or employees with a duty in connection to a company. But § 6671(b) does not exclude other individuals or entities from being considered "persons." *See* I.R.C. § 6671(b); *Merchants Nat'l Bank of Mobile v. United States,* 878 F.2d 1382, 1387 (11th Cir. 1989) (lender bank to corporation could be considered responsible person under § 6672, even if it was not an employee or officer of corporation.)

Because Miner is a person as defined in § 7701(a)(1), and the § 7701(a)(1) definition applies to §§ 6700 and 6701, he is a "person" who can be liable for penalties under §§ 6700 and 6701.

## II. The Complaint has met the Pleading Requirements of Fed. R. Civ. P. 8(a)(2) Because it Made Specific Factual Allegations that Show a Plausible Right to Relief

Fed. R. Civ. P. 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Fed. R. Civ. P. 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), a complaint must

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). A complaint states a plausible claim for relief if its factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility inquiry is not a *probability* inquiry, but merely asks whether the allegations rise above a speculative level. *Speaker v. U.S. Dep't of Health & Human Svcs. Ctrs. for Disease Ctrl. & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (*quoting Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007)). *See also Harrison v. Benchmark Elec. Huntsville*, 593 F.3d 1206, 1214 (11th Cir. 2010) (complaint satisfied "liberal" pleading standards when it alleged facts constituting a violation under the American with Disabilities Act).

In its complaint, the United States sets forth specific factual allegations of Miner's violations under I.R.C. §§ 6700 and 6701. For example, the complaint alleges that Miner maintains Web sites and sells books with false statements about his customers' obligation to pay federal income taxes, and that he knows or should know that such statements are false. (Compl. ¶¶ 6-11, 18, 20-21.) It also alleges that "Miner drafts frivolous documents for his customers to send to the IRS," and provides other fraudulent advice and assistance with regards to their federal income tax obligations. (*Id.* ¶ 16, 23-29.) It directly quotes Miner's false statements on the taxpayers' IRS Individual Master Files and the taxability of assets sheltered in Unincorporated Business Trust Organizations. (*Id.* ¶¶ 8-12, 17, 27-29.) It estimates the harm to the government at approximately $8.9 million. (*Id.* ¶ 31.)

These allegations are factual and are not legal conclusions. They plead the elements of

§§ 6700 and 6701. *See supra.* They give Miner adequate notice of the specific conduct of which he is accused, and enable him to adequately defend against them. *See Twombly*, 550 U.S. at 555 (explaining Fed. R. Civ. P. 8 requires a "short and plain statement of the claim" in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests") (internal citation omitted). Moreover, if proven, the allegations can call for the injunctive relief requested in this complaint. *See United States v. McIntyre*, 715 F. Supp. 2d 1003 (C.D. Cal. 2010) (granting permanent injunction against defendants who prepared fraudulent income tax documents for customers); *United States v. Pinnacle Quest Int'l*, 2008 WL 2096381 (N.D. Fla. 2008) (granting preliminary injunction against defendants who provided false advice to customers with regards to their federal income tax obligations, including false advice about their IRS Individual Master Files).

By setting forth specific factual allegations that show a plausible right to relief, the United States' complaint has met the pleading requirements of Fed. R. Civ. P. 8(a)(2).

**CONCLUSION**

Because the United States has adequately stated a claim under I.R.C. §§ 7402 and 7408 and complied with Fed. R. Civ. P. 8(a)(2), the Court should deny Miner's motion to dismiss.

Dated: April 26, 2011

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

/s/ Sherra Wong
SHERRA WONG, NY Bar # 4894895
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1882
Fax: (202) 514-6770
E-mail: sherra.t.wong@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 26, 2011, the United States' Opposition to Defendant's Motion to Dismiss was served on the following by U.S. mail:

David Miner
478 East Altamonte Drive
Suite 108-530
Altamonte Springs, FL 32701

*Defendant, pro se*

/s/ Sherra Wong
SHERRA WONG

*Attorney for the United States*