# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| United States,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>David L. Miner, individually and dba IRx Solutions and Blue Ridge Group,<br><br>　　　　Defendant | Civil No.: 6:10-cv-1873-Orl-19DAB<br><br>FILED 2011 JUN -6 PM 12:33<br>US DISTRICT COURT<br>MIDDLE DISTRICT OF FL<br>ORLANDO FLORIDA |

**Response
To the United States' Opposition to
Defendant's Motion to Dismiss**

As allowed by Local Rule 3.01(d), Defendant is responding to the United States' Opposition to Defendant's Motion to Dismiss. This response is within seven days of service of the court's approval, so it is submitted in a timely manner.

The government presents two arguments in support of its belief that this case should not be dismissed.

I. **The government claimed, "This Court Has Jurisdiction Over the United States' Claims Because Miner is a Person Under 26 U.S.C. ("I.R.C.") §§ 6700 and 6701**

The first paragraph of the first argument is false and deceptive, intended to keep this court's attention off the real issue proffered by the Accused in his Motion to Dismiss.

To accomplish this deception, the government focuses on the first part of Section 7701(a)(1), which Defendant never contested, and treats the remaining portion of the section as if it does not exist, which was the essence of Defendant's argument. The government puts forth the argument that Defendant is a "person" as defined based on the definition of individual found in "any

dictionary." But the definition of "individual" found in "any dictionary" is not the issue in Defendant's Motion to Dismiss, nor is it the issue in Section 7701(a)(1) of the Internal Revenue Code. It *is* the issue, however, in the cases referenced by the government. And the government goes on to present certain portions of *Baily Vaugn Robertson & Co. v. United States*, 828 F. Supp. 442, 444.

The issue before the court in BVR is whether or not BVR was included in the list of possible entities specifically referenced in the definition of "person" in the Internal Revenue Code sections noted above. BVR was claiming that it was a partnership and that partnerships were not included in the list of possible entities covered in Section 7701(a)(1). In that case the government argued that the list of possible entities in Section 7701(a)(1), was supplemented by the list of possible entities in Section 6671(b) and 7343 to make a longer or expanded list of possible entities that are included in the definition of "person" to be used in the IRC. Neither side questioned the real issue in BOTH I.R.C. sections dealt with, and that was the *status* of the entity; specifically that the entity had a business role that included the business actions demanded by or prohibited by the various charges against BVR and its partners.

The court in BVR did not deal with the *real* issue in either IRC section because the *real* issue was not being contested by either side – specifically that the *"person"* must have a business role with business responsibilities AND must have violated those business responsibilities. The court in BVR had to deal with the words "include" and "including" because the question before the court was, is a partnership included in the definition of person? The government would lead this court down a rabbit trail of "include" and "including" being expansive or restrictive hoping that the Accused follows that trail and overlooks the important portion of the statutes, and hoping

that the court follows that distraction. The government knows that the Accused never raised the issue of "include" or "including" nor argued that point.

The same issue is raised and the same result occurs in the following cases: *Botta v. Scanlon*, 288 F. 2d 504 (2nd Cir. 1961); *Pacific National Insurance v. United States*, 422 F. 2d 26 (9th Cir. 1970); *Dudley v. United States*, 428 F. 2d 1196 (9th Cir. 1970); *U.S. v. Moore, et. al.*, 368 F.2d 617 (5th Cir. 1963); *United States v. Hill*, 368 F. 2d 617 (5th Cir. 1966); *Liddon v. United States*, 448 F. 2d 509 (5th Cir 1971); *US v. Thayer*, 201 F. 3d 214 (3rd Cir, 1999); *US v. McLain*, 597 F. Supp. 2d 987 (District Court Minnesota 2009); *State v. DeJesus*, 642 So. 2d 854 (La: Supreme Court, 1994); *U.S. v. IVERSON*, 162 F.3d 1015 (9th Cir. 1998); and at least one hundred other cases from the various circuits and from the US Supreme Court.

These cases all deal with the definition of "person" in the Internal Revenue Code. And they all have two facts in common. They each deal with who is and who is not included in the list of entities in the identical definitions of "person" in 26 U.S.C. ("I.R.C.") §§ 6671(b) and 7343. And they each state without comment the requirement that the entity in question have the important requirements of the entity having a business role with business responsibilities AND that these business responsibilities were violated.

Not one of the defendants in these cases and more than 100 other cases we have researched contested that the entity must have a business role with business responsibilities AND that these business responsibilities were violated. All of the judges in those cases referenced the statute as having the characteristic that the "person" must have a business role with business responsibilities AND that these business responsibilities were violated. It is only the government in this case that seems to be questioning it.

> "Duty" under § 6671(b) has a much more focused meaning than the generalized duty of all taxpayers to pay taxes and is expressly limited to the duty that attaches to the position an employee holds within the corporation.
> *US v. Burger*, 717 F. Supp. 245 (SDNY, 1989)

II. **The government claimed "The Complaint has met the Pleading Requirements of Fed. R. Civ. P. 8(a)(2) Because it Made Specific Factual Allegations that Show a Plausible Right to Relief.**

The government claims that *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) allows a complaint if it "contains sufficient factual matter, accepted as true, to 'state a claim to relief that

-3-

is plausible on its face." The Accused laid an excellent argument that the government did not meet this requirement in his Motion to Dismiss.

The government claims the Accused has violated 26 U.S.C. § 7402. Yet the government failed to specify any statute that requires the Accused to file returns in the first place. Absent a statute requiring the Accused to file returns, the Accused cannot be in violation of any penalty, eg. Section 7402, arising from violation of that requirement. The government alleges no statute, if any such statute exists, that requires the Accused to file a tax return. The penalty statute (§ 7402) can only be violated if first a requirement statute has been violated. The government would have this court *presume* that the Accused is required to file, perhaps based on the unstated belief that *everyone* is required to file a return, but without stating any statute that requires everyone or requires the Accused to file a return.

The government further alleges that the Accused is guilty of violating another penalty statute (§ 7412) without first alleging that the individuals who the government alleges the Accused has assisted were themselves violating any statute. If those whom the Accused is alleged to have assisted were violating no statute, but were instead attempting to help the IRS see that it was attempting to collect a tax that was not owed by them and due the government, then the efforts to collect from those people cannot be construed to be legitimate attempts to assess and collect a tax. Attempts to challenge collections efforts by the IRS are not illegal unless the tax was lawfully owed. When the individual claims the tax is in error, or is not owed, and the IRS records show this to be true, then the collections efforts on the part of the IRS are not a valid exercise of its lawful responsibilities to administer the income tax.

The Accused can only be charged with violating a penalty statute (eg. § 7412) if he were guilty of helping others illegally evade a lawful tax debt. Yet the government has made no representation that the individuals in question are guilty of anything at all.

The Accused is claiming that there are legal and procedural steps the IRS must take before alleging the Accused has violated these two penalty statues, and that the government has not taken these steps.

The government has not alleged any statute, if any such statute exists, that the Accused has violated, nor that the Accused has been adjudicated as being guilty of those violations, both of which are necessary in order for the penalty of being convicted of those violations can be applied. Absent the guilty verdict, the penalty of being guilty cannot be applied. The government would ask this court to assume that the Accused is guilty of these initial steps and ask that this court apply the penalties to Accused as if he were already adjudicated as being guilty.

Wherefore, premises considered, we move the Court to grant the Accused's Motion to Dismiss.

Respectfully submitted,

Dated: June 2, 2011       By: _____
David L. Miner, *Pro Se*
478 East Altamonte Dr.
Suite 108-530
Altamonte Springs, FL 32701
(615) 301-1811

## CERTIFICATE OF SERVICE

On June 2nd, 2011, I certify that a copy of the United States' Agreement with our Motion Requesting Leave to File a Response was served by U.S. Priority Mail with tracking requested, on the following attorney in charge for plaintiff, United States of America:

Sherra Wong
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone : (202) 616-1882
Fax: (202) 514-6770

By: _____
David L. Miner, *Pro Se*
478 East Altamonte Dr.
Suite 108-530
Altamonte Springs, FL 32701
(615) 301-1811