UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
v.                                                No. 6:10-cv-1873-JA-DAB
DAVID L. MINER, d/b/a
IRx SOLUTIONS
and BLUE RIDGE GROUP

## REVISED CASE MANAGEMENT REPORT

At the case management conference, the parties were unable to agree on deadlines for discovery or motions, but were able to agree on other matters pertaining to the management of this case. Where the parties disagree on an issue, the plaintiff's views are marked "Plaintiff" and the defendant's views are marked "Defendant."

David Miner, defendant, represents that he cannot defend this case effectively until his release from prison because federal prison does not allow for him to perform the necessary research and document preparation.

The United States proposes earlier dates for the following events. As the United States indicated in its Status Report and Motion to Lift Stay (Doc. 46), given the overlapping facts and issues in this case and Miner's criminal case as well as the preclusive effect of Miner's criminal conviction, the United States respectfully requests the Court to allow it to file a summary-judgment motion, even if the Court decides that discovery is not feasible while Miner is in prison.

Below are the dates proposed respectively by the plaintiff and the defendant.

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | Completed |

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | Completed |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | 10/30/2013 |
| Disclosure of Expert Reports     Plaintiff's Disclosure:<br>Defendant's Disclosure:<br>[Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | 12/15/2013<br>12/15/2013 |
| Discovery Deadline<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | Plaintiff: 3/1/2014<br>Defendant: 3/1/2015 |
| Dispositive Motions, *Daubert*, and *Markman* Motions<br>[Court requires 5 months or more before trial term begins] | Plaintiff: 3/31/2014<br>Defendant: 3/21/2015 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | Plainitff: between 7/29/2014 and 8/6/2014<br><br>Defendant: between 7/29/2015 and 8/6/2015 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial] | Plaintiff: 8/8/2014<br>Defendant: 8/8/2015 |
| All Other Motions Including Motions *In Limine*, Trial Briefs | Plaintiff: 8/15/2014<br>Defendant: 8/15/2015 |
| Trial Term Begins<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | Plaintiff: 9/3/2014<br>Defendant: 9/3/2015 |

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Estimated Length of Trial [trial days] | Plaintiff: 3<br>Defendant: 4 |
| Jury / Non-Jury | The United States expects to oppose a jury demand if one is filed. Miner has not come to a decision on the issue. |
| Mediation    Deadline:<br>Mediator:<br>Address:<br>Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline. If the parties do not select a mediator in the CMR, the Court *will appoint* one from its List of Certified Mediators.] | Pursuant to the Court's October 18, 2011 Order, this case has been withdrawn from mediation. |
| All Parties Consent to Proceed Before Magistrate Judge | Yes___ No_x___<br><br>Likely to Agree in Future |

I.  Meeting of Parties

Pursuant to the Court's July 30, 2013 and August 27, 2013 Orders (Docs. 47 and 50), a meeting was held via telephone on August 23, 2013 between 9:00 am to 9:30 am ET. Sherra Wong, counsel for the United States, and David Miner, *pro se*, participated.

II.  Pre-Discovery Initial Disclosures of Core Information

Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Plaintiff: The United States served its initial disclosures on Miner on August 3, 2011. Miner served his initial disclosures on the United States on or about November 22, 2011. The United States supplemented its initial disclosures on December 9, 2011.

The United States disclosed the names and contact information for individuals that are likely to have

3

discoverable information that it may use to support its claims or defenses, including IRS personnel, Miner's associates and subordinates, Miner's customers, and Miner himself. The United States also named categories of documents that it may use to support its claims or defenses, including materials written by Miner, correspondence between Miner and his customers, the IRS's records on Miner's customers, correspondence between the IRS and Miner's customers, and records of payment made by Miner's customers to Miner.

Miner disclosed documents and names of documents that included sections of the United States Code, materials about the federal income tax and the Internal Revenue Service, and case law.

**Defendant:** The parties have exchanged their Rule 26(a)(1)(A)(i)-(iv) disclosures.

### III.   Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

    _x_ No party anticipates the disclosure or discovery of ESI in this case;

    ___ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

### IV.   Agreed Discovery Plan for Plaintiffs and Defendants

   A.   Certificate of Interested Persons and Corporate Disclosure Statement —

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

   _x_  Yes

   ___  No

   B.   Discovery Not Filed —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).

The parties agree to serve and discovery in PDF format on a CD-ROM, with optional service of a

4

hard copy of the document by U.S. mail.

    C.    Limits on Discovery —

In the prior Case Management Report (Doc. 31), the United States requested leave to take 20 depositions, and Miner did not object to this request.

Neither party requests changes to other limits imposed by the Federal Rules of Civil Procedure or Local Rules on interrogatories, requests for information, or requests for admission at this time.

    D.    Discovery Deadline —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

    E.    Disclosure of Expert Testimony —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

    F.    Confidentiality Agreements —

Neither party anticipates the necessity for protective orders, the filing of documents under seal, or confidentiality agreements.

    G.    Other Matters Regarding Discovery —

None.

V.    Settlement and Alternative Dispute Resolution.

    A.    Settlement —

The parties agree that settlement is

_____ likely __x__ unlikely

The parties request a settlement conference before a United States Magistrate Judge.

yes _____        no __x__        likely to request in future _____

**B.    Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

yes _____        no __x__        likely to agree in future _____

_____ Binding        _____ Non-Binding

**C.    Mediation —**

The Court withdrew this case from arbitration by its October 18, 2011 Order (Doc. 37).

**D.    Other Alternative Dispute Resolution —**

The parties do not intend to pursue other methods of alternative dispute resolution.

Date:   August 30, 2013

Respectfully submitted,

_/s/ Sherra Wong_

SHERRA WONG, NY Bar #4894895
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044
Telelphone: (202) 514-6488
Fax: (202) 514-6770
E-mail: sherra.t.wong@usdoj.gov

*Attorney for Plaintiff*

_/s/ David Lee Miner_

DAVID LEE MINER, #54438-018
FPC Pensacola
Federal Prison Camp
P.O. Box 3949
Pensacola, FL 32516

*Defendant, Pro se*